UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 2:09 cr 085 |
| vs. | : | JUDGE GRAHAM |
| RICHARD BISTLINE | : | |
| Defendant. | : | |

## SENTENCING MEMORANDUM

Now comes Defendant, through counsel, to respectfully submit this Memorandum pursuant to 18 U.S.C. §3553 in support of Defendant's request for probation in this case. Based on the totality of the circumstances of this offense, the characteristics of the Defendant, and the principles and purposes of federal sentencing, Defendant submits that a sentence of probation is more than adequate to punish the Defendant, deter future criminal conduct by the Defendant, and properly rehabilitate the Defendant accordingly.

### A. Nature and Circumstances of the Offense

The nature and circumstances of the offense are not in dispute. Defendant has accepted responsibility for participating in the activity of viewing and downloading child pornography through a file sharing program known as "Limewire." Defendant never participated in the production of this material, he never viewed or physically removed any of this material outside of his own home, and when confronted by law enforcement for the purposes of executing the search warrant, he did not make any effort to conceal or minimize his activity. Instead, at the time of his search warrant, his only request was that he be allowed to break the news to his wife, instead of allowing his wife to hear the news from law enforcement.

1

Although the "Limewire" file sharing program did allow others to access Defendant's computer and download files from Defendant's computer, Defendant never actively distributed, marketed, or solicited any such visits to his computer by others. In other words, any distribution of the material from Defendant's computer to other computers was done passively by Defendant with other computer users actively entering Defendant's computer and removing copies of the material. Defendant never paid any money for any of this material, but instead he simply accessed it and downloaded it off of other computers participating in the "Limewire" network.

Although child pornography is a serious societal and global problem, and although the government's efforts to suppress the demand for child pornography in its effort to prevent its production in the first place should be commended, Defendant's activities in this case never resulted in any money changing hands. In other words, Defendant's private downloading and viewing of this material in his own home did not materially contribute to the global demand for this material. This case does not involve a situation like this court has seen in the past where specific websites are set up for people to view similar material for a fee, or as part of some other overall commercial enterprise involving the distribution and consumption of child pornography. This case involves one private individual sharing material with other private individuals. Although such conduct clearly violates federal law, the facts and circumstances of Defendant's conduct are distinguishable from many of the other child pornography possession cases prosecuted by the federal government.

### B. History and Characteristics of Defendant

Defendant is sixty-seven (67) years old and has absolutely no criminal record. Defendant has tremendous respect for the law. Defendant has been honest and forthcoming with every law enforcement official that he has dealt with in this matter, and he has expressed remorse for his

2

conduct from the very first day that the Knox County Sheriff's Office executed the search warrant on his home several years ago.

Furthermore, Defendants physical health is somewhat fragile. Defendant has a defibrillator and has had numerous cardiology problems in the past. Furthermore, as the probation officer documented in the pre-sentence report, Defendant has had strokes in 1996 and 2005. The effects of these strokes are clearly on display when viewing the Defendant. One side of Defendant's face is less responsive than the other and this observation can be made immediately upon conversing with the Defendant. Defendant has difficulty hearing, being totally deaf in the right ear, and having limited hearing in the left ear. Defendant underwent brain surgery in 1997, and he also had surgery for a deviated septum in 1994.

### C. The Need to Deter Future Criminal Conduct

Defendant's home and computer were searched on or about October 19, 2007. For over a year and a half, Defendant continued to live a law abiding and peaceful life with his wife in Knox County, Ohio. In April of this year, Defendant entered a guilty plea to a Bill of Information, accepting responsibility for his conduct and acknowledging his guilt. Since then, Defendant has not had any problems on pre-trial supervision, and he has been complying with all of the requests and requirements of the pre-trial services department and the probation department. Defendant is not a threat to the community, and he has no intention of ever violating the law again. Furthermore, Defendant's supervision on probation will be more than adequate to deter future criminal conduct by Defendant. This court has the power to place Defendant on probation for a term that will essentially last the rest of Defendant's life. Furthermore, Defendant will be registering as a sex offender under State and Federal law which will, in turn, deter Defendant from re-offending.

Defendant has a strong support system from his wife and his children. Although the child living nearest to Defendant lives twenty-eight (28) miles away, the close knit family unit of Defendant, his wife, his four grown children and all of his grandchildren offer added incentive and support to make sure that Defendant does not stray into the realm of illegal activity ever again.

### D. Defendant's Wife Requires Defendant's Support

As discussed in the pre-sentence report, Defendant's wife has suffered a number of illnesses over the years. Specifically, as a result of chemotherapy that she endured, Defendant's wife has a variety of physical and mental defects that require Defendant to help his wife on a daily basis.

Numbness in the fingers and toes of Defendant's wife, resulting from chemotherapy, often causes her to trip and fall down. Sometimes, she can't even get up by herself without Defendant's assistance. Furthermore, the numbness in her extremities makes her fearful to drive an automobile, and Defendant's wife relies on Defendant for transportation everywhere she goes, including to all of her various medical appointments.

Defendant's wife relies on Defendant to assist her in taking the appropriate doses of medication, and more recently, for treatment in regard to her septic infection and cellulitis in her leg. (In February of this year Mrs. Bistline was hospitalized at Riverside Hospital with a septic infection and cellulitis). Defendant helps his wife to change her dressings on her wounds, and to otherwise assist her with any daily medical care that must be administered at home.

### E. Consideration of the Advisory Sentencing Guidelines

For a variety of reasons, the sentencing guidelines in this case should not be granted any deference. Undersigned counsel will not take the time to reiterate all of the flaws and problems

that the United States sentencing guidelines have in their effort to address cases like this case. However, Defendant refers the court to the well written article titled <u>Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child Pornography Guidelines</u>, by Troy Stabenow, assistant Federal Public Defender, Western District in Missouri, Jefferson City Branch Office, January 1, 2009 (Available at www.fd.org/pdflib/child%20porn%20july%20revision.pdf, and a link is available at www.abajournal.com/magazines/a_relunctant_rebellion/ ). Courts across the country have cited and relied upon Mr. Stabenow's analysis and its criticism of the sentencing guidelines as they relate to child pornography cases. See <u>United States v Phillips</u>, 2009 WL 2993818 (3d Cir. September 21, 2009); <u>United States v Huffstaler</u>, 571 F3d 620 (7th Cir. June 30, 2009); <u>United States v Cruikshank</u>, –F.Supp. 2d – 2009 WL 3673096 (S.D. W.Va. November 6, 2009); <u>United States v Beiermann</u>, 599 F.Supp.2d 1087 (N.D. of Iowa February 24, 2009) (and cases cited therein); <u>United States v Phinney</u>, 599 F.Supp.2d 1037 (E.D. of Wisconsin February 20, 2009) (and cases cited therein).

Following the precedents established in <u>Kimbrough v United States</u>, 552 U.S. 85 (2007), the United States Supreme Court in its recent sentencing decisions has made it clear that while the guidelines remain the starting point and the initial benchmark, the District Judge may not presume that the guideline sentence is the correct one. <u>Phinney</u>, supra at 1038-39 (citing <u>Gall v United States</u>, 552 US 38 (2007); <u>Rita v United States</u>, 551 U.S. 338 (2007); <u>United States v Sachsenmaier</u>, 491 F.3d 680, 685 (7th Cir. 2007)). For the reasons set forth by Mr. Stabenow in his article, and authoritatively cited by a variety of courts across the country, the United States sentencing guidelines in this case deserve little deference by this court.

5

## F. Conclusion and Request

For the reasons set forth above, and pursuant to the factors set forth in 18 U.S.C. §3553, Defendant respectfully requests the court to grant him a period of probation, so that he can continue to take care of himself and his wife. Defendant is of such an age, and of such a character, that he is at a very low risk to re-offend, and a sentence of probation, along with the mandatory registration requirements, are more than adequate to protect the public and to deter any future conduct by Defendant. Furthermore, such a sentence affords just punishment for a man of Defendant's age and condition with no criminal history in a circumstance where he made no meaningful contribution to the global demand for child pornography. Given the totality of the circumstances surrounding the events in this case, the characteristics of the Defendant, the principles and purposes of sentencing as set forth is 18 U.S.C. §3553 can be advanced without the need for actual incarceration of Defendant in a Federal Prison.

Respectfully submitted,

/s/ JONATHAN T. TYACK
JONATHAN T. TYACK 0066329
Tyack, Blackmore & Liston Co., L.P.A.
536 South High Street
Columbus, Ohio 43215
Telephone (614) 221-1341
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through Court's system.

                                        /s/ JONATHAN T. TYACK
                                        JONATHAN T. TYACK    (0066329)
                                        Attorney for Defendant