UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of OHIO

**UNITED STATES OF AMERICA**               **JUDGMENT IN A CRIMINAL CASE**

      **v.**

Richard Bistline                           **CASE NUMBER:** 2:09-cr-85

                                              Jonathan Tyack, Esq.
                                              DEFENDANT'S ATTORNEY

The defendant plead guilty to count 1 of the information.  The Court has accepted a Rule 11(e)(1)(A) charge agreement because it is satisfied that the agreement adequately reflects the seriousness of the actual offense behavior and that accepting the plea agreement will not undermine the statutory purposes of sentencing.

The defendant is adjudicated guilty of these offenses:

| TITLE AND SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 USC 2252(a)(4)(B) & (b)(2) | Possession of child pornography | 10/19/2007 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

                                              January 7, 2010
                                              Date of Imposition of Judgment

                                              s/James L. Graham
                                              Signature of Judge

                                              JAMES L. GRAHAM U.S. DISTRICT JUDGE
                                              Name of Judge     Title of Judge

                                              January 8, 2010
                                              Date

```
DEFENDANT:   BISTLINE, Richard
CASE NUMBER: 2:09-cr-85
Pg 2
```

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **one (1) day on count 1.**

[X]   The Court makes the following recommendation to the Bureau of Prisons:

[X]   The defendant is remanded to the custody of the United States Marshal.

[]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2 p.m. no sooner than thirty (30) days from this date.

[]    The defendant shall surrender to the United States Marshal for this district at _ a.m./p.m. on  _.

**RETURN**

I have executed this judgment as follows:

Defendant delivered on_____to_____

_____at_____, with a

certified copy of this judgment.

_____
United States Marshal

By_____
  Deputy US Marshal

```
DEFENDANT:    BISTLINE, Richard
CASE NUMBER: 2:09-cr-85
Pg. 3
```

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  **ten (10) years on count 1.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

- The defendant shall not possess a firearm, ammunition, destructive device, of any other dangerous weapon.

- The defendant shall cooperate in the collection of DNA as directed by the probation officer.

- The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court and with any additional conditions set forth below:

**The defendant shall serve thirty (30) days home confinement with electronic monitoring. This condition has already been satisfied, since defendant has served thirty days home confinement since the date of the last sentencing hearing.**

**The defendant shall not directly or indirectly gain access in any manner to any computer online services of to the Internet in any access from, including, but not limited to any online bulletin board, internet relay chat, send or receive e-mail with attached electronic files through any electronic medium, or any online file archive, unless such access is required expressly for a class assignment in an accredited education institution or to carry our a job duty for legal, outside employment , which is not self employment.**

**The defendant will register as required in 18 USC 3583(d) and with any state sex offender registration requirement and will be subject to the notification procedures of 18 USC 4042(c) and/or any state sex offender notification provision.**

**The defendant shall participate in mental health counseling as directed by the probation officer including treatment directed at child pornography.**

**The defendant shall not be associated with any minors not directly related to him without the presence of another responsible adult.**

**The defendant shall not possess or have under his control any matter that is pornographic or that depicts or alludes to sexual activity or depicts minors under 18 years of age.**

**The defendant shall permit the installation of monitoring software on any computer he owns or has access to as directed by the probation officer during the term of supervision.**

```
DEFENDANT: BISTLINE, Richard
CASE NO.: 2:09-CR-85
Pg 4
```

## **STANDARD CONDITIONS OF SUPERVISION**

1. THE DEFENDANT SHALL NOT LEAVE THE JUDICIAL DISTRICT WITHOUT THE PERMISSION OF THE COURT OR THE PROBATION OFFICER;
2. THE DEFENDANT SHALL REPORT TO THE PROBATION OFFICER AND SHALL SUBMIT A TRUTHFUL AND COMPLETE WRITTEN REPORT WITHIN THE FIRST FIVE DAYS OF EACH MONTH;
3. THE DEFENDANT SHALL ANSWER TRUTHFULLY ALL INQUIRIES BY THE PROBATION OFFICER AND FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER;
4. THE DEFENDANT SHALL SUPPORT HIS OR HER DEPENDENTS AND MEET OTHER FAMILY RESPONSIBILITIES;
5. THE DEFENDANT SHALL WORK REGULARLY AT A LAWFUL OCCUPATION UNLESS EXCUSED BY THE PROBATION OFFICER FOR SCHOOLING, TRAINING, OR OTHER ACCEPTABLE REASONS;
6. THE DEFENDANT SHALL NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS OF ANY CHANGE IN RESIDENCE OR EMPLOYMENT;
7. THE DEFENDANT SHALL REFRAIN FROM EXCESSIVE USE OF ALCOHOL
8. THE DEFENDANT SHALL NOT FREQUENT PLACES WHERE CONTROLLED SUBSTANCES ARE ILLEGALLY SOLD, USED, DISTRIBUTED, OR ADMINISTERED;
9. THE DEFENDANT SHALL NOT ASSOCIATE WITH ANY PERSONS ENGAGED IN CRIMINAL ACTIVITY AND SHALL NOT ASSOCIATE WITH ANY PERSON CONVICTED OF A FELONY UNLESS GRANTED PERMISSION TO DO SO BY THE PROBATION OFFICER;
10. THE DEFENDANT SHALL PERMIT A PROBATION OFFICER TO VISIT HIM OR HER AT ANY TIME AT HOME OR ELSEWHERE AND SHALL PERMIT CONFISCATION OF ANY CONTRABAND OBSERVED IN PLAIN VIEW BY THE PROBATION OFFICER;
11. THE DEFENDANT SHALL NOTIFY THE PROBATION OFFICER WITHIN SEVENTY-TWO HOURS OF BEING ARRESTED OR QUESTIONED BY A LAW ENFORCEMENT OFFICER;
12. THE DEFENDANT SHALL NOT ENTER INTO ANY AGREEMENT TO ACT AS AN INFORMER OR A SPECIAL AGENT OF A LAW ENFORCEMENT AGENCY WITHOUT THE PERMISSION OF THE COURT;
13. AS DIRECTED BY THE PROBATION OFFICER, THE DEFENDANT SHALL NOTIFY THIRD PARTIES OF RISKS THAT MAY BE OCCASIONED BY THE DEFENDANT'S CRIMINAL RECORD OR PERSONAL HISTORY OR CHARACTERISTICS, AND SHALL PERMIT THE PROBATION OFFICER TO MAKE SUCH NOTIFICATIONS AND TO CONFIRM THE DEFENDANT'S COMPLIANCE.

```
DEFENDANT:   BISTLINE, Richard
CASE NUMBER: 2:09-cr-85
Pg 5
```

## **CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| Totals | $100.00        | $        | $               |

## **SCHEDULE OF PAYMENTS**

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

   Lump sum payment of $100.00 special assessment is due immediately.

   Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the  United States District Court, Office of the Clerk, 85 Marconi Blvd., Room 260, Columbus, Ohio 43215.

   The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

## **FORFEITURE**

The defendant shall forfeit the following property as described in Forfeiture Count 2 to the United States:

Lantec generic computer tower

120 GB Hard drive, model #WDC WD12 00CRA1, serial # 0b7a0200d34a000

Microsoft Key Board Serial #5919710305441 and cord

Microsoft computer mouse with cord

Samsung flat screen moniter serial #GH17HMFW225564F with cord