**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 2:09-cr-00085 |
| | : | JUDGE GRAHAM |
| RICHARD BISTLINE, | : | |
| Defendant. | : | |

**SUPPLEMENTAL RESENTENCING MEMORANDUM AND REQUEST**
**FOR COURT APPOINTED PRISON EXPERT**

In accordance with the Order of this Court made to undersigned counsel at the time of our last hearing, on December 6, 2012, Defendant now comes to the Court to inform the Court of his intentions and his abilities relative to the inquiries made of counsel by the Court during the last Court hearing. Specifically, the Court instructed counsel to communicate to the Court regarding two specific issues:

(1) The availability of Defendant's prison expert, Mr. Phillip Wise, to present live testimony, and
(2) The ability of Defendant to present additional evidence or information supporting Appendix One and Appendix Two previously attached to Defendant's first Resentencing Memorandum.

**I.**

As to the first issue, undersigned counsel has spoken by email and by telephone with Mr. Phillip Wise. Although Mr. Phillip Wise is available this week to travel to Columbus to provide testimony to the Court, Mr. Wise is not available the following weeks in December. However, after consulting with Mr. Wise about the costs of such testimony, it appears clear that Defendant cannot afford to pay Mr. Wise for any services related to his travel and appearance before the Court. Mr. Wise indicated that he charges a fee of $2,000.00 per day for Court testimony, plus

1

any and all travel expenses.  In undersigned counsel's estimate, the cost to have Mr. Wise travel to Columbus for the purposes of testifying regarding his experience, and the contents of the declaration previously attached to Defendant's Resentencing Reply Memorandum would exceed $3,000.00.  Given the importance of this information, Defendant requests that the Court appoint Mr. Wise as an expert, at the Court's expense, so that the Court can have any and all of the relevant information sough by the Court.

## II.

On Friday, December 7, 2012, undersigned counsel had several telephone conversations with Ms. Brittany Lipson, a research and data representative for the United States Sentencing Commission.  Undersigned counsel explained the nature of the information being sought, that being the same information previously provided to the Court through Appendix One.  Ms. Lipson indicated that she did not believe such a data compilation was publicly available through the Sentencing Commission's website or "sourcebook."  However, she indicated that she would speak with her supervisor, and either contact undersigned counsel, or have her supervisor contact undersigned counsel, for the purpose of clarifying the public availability of such a data compilation.[1]  Ms. Lipson further indicated to undersigned counsel that the Court itself has the power to make such a specific request of the Commission, and that the Commission can provide that data to the Court, in whatever form or compilation requested by the Court.  In other words, if the Court wishes to have a breakdown of how sentences have been handed down as it relates to the advisory guideline range, and as it further relates to a defendant's criminal history category, the circuit in which they are sentenced, and the length of the sentence, just as Defendant has provided to the Court in Appendix One, the Court is free to contact the Sentencing Commission

---

[1] The underlying data is available publicly, but the compilations in Appendix One are apparently not publicly available in that exact format.

and the Sentencing Commission has indicated to undersigned counsel, at least, that it will provide the Court with the relevant data broken down in whatever manner the Court requests.

As indicated at the time of hearing, the data shown in Appendix One attached to Defendant's original Resentencing Memorandum was extracted by the Federal Public Community Defenders from the Commission's 2011 monitoring data set, public available at the Commission's website at http://www.ussc.gov/Research_and_Statistics/datafile/index.cfm, using standard statistical software.  The Government, if it chose to do so, could generate the same tables using standard statistical software.  However, from undersigned counsel's conversation with Mr. Lipson at the United States Sentencing Commission, it does not appear that the Commission makes public its sentencing information in a manner that is organized and compiled in the same manner as the compilation by the Federal Public Defender's office.  Apparently, the unavailability of certain data compilations has come up before.  See, *United States v. Stock*, 685 F. 3d 621, 629 n. 6 (6th Cir. 2012) (noting that the Commission provided it with otherwise unavailable data "in response to a specific request from the court," and "wonder[ing] why the Commission does not simply publish this data").  In order to expedite the process, this Court can simply forward the data compilations from Appendix One directly to the Sentencing Commission, and it is undersigned counsel's understanding that the Commission can then simply confirm the accuracy of the compilations contained in Appendix One.

The data shown in Appendix Two was compiled by the Commission itself. This information is available on the Commission's online interactive sourcebook.  This Court, the Government, or any other attorney so inclined, may generate and print out these same tables using the interactive sourcebook, accessible at http://isb.usc.gov/login.  A simple click on the Table of Contents will allow the Court to locate the specific table, and the Court, the

3

Government, or any other defense counsel for that matter, is free to filter the table by circuit, district, or other relevant terms that will narrow the relevant search. For example, another table, printed out by undersigned counsel last Friday, is attached hereto as Exhibit One. As can be seen, for fiscal year 2011, 1,645 defendants were sentenced for child pornography under United States Sentencing Guideline § 2G2.2. As can be seen from the attached exhibit, received directly from the Commission's online resources, 540 defendants, less than one third, were sentenced within the guideline range, twenty four were sentenced above the guideline range, 290 defendants were sentenced under the guideline range with Government sponsored motions, and 791 defendants, almost 50%, received a sentence below the guideline range without government sponsorship. Again, this kind of information, along with numerous other charts, and data sets, are available directly from the United States Sentencing Commission on their website through their interactive sourcebook. Again, the information provided by Defendant in Appendix Two is simply information publicly available through the Sentencing Commission.

    In specific response to the Court's inquiry, however, undersigned counsel is unaware of any published or non-published case where this information or data has been made publicly available.

    As of the dictation of this Supplemental Memorandum, undersigned counsel has not been contacted again by Ms. Lipson, her supervisor, or any other representative of the Sentencing Commission, however, undersigned counsel hopes to hear from them soon. Nevertheless, the Court has the power to request any and all data gathered by the Commission, in whatever format, compilation, or organizational structure viewed beneficial by the Court. Again, the simplest method would be for the Court to forward the data compilations created by the Federal Public Defender's Office and ask the Commission to confirm their accuracy.

        Respectfully submitted,

        /s/ Jonathan T. Tyack
        Jonathan T. Tyack     (0066329)
        Tyack, Blackmore, Liston & Nigh Co., L.P.A.
        536 South High Street
        Columbus, Ohio 43215
        (614) 221-1341 Telephone
        (614) 228-0253 Facsimile
        jttyack@tblattorneys.com
        Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of December, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        /s/ Jonathan T. Tyack
        Jonathan T. Tyack     (0066329)
        Tyack, Blackmore, Liston & Nigh Co., L.P.A.
        Attorney for Defendant