**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| PLAINTIFF, : | **CASE NO. CR2-09-085** |
| vs. : | **JUDGE GEORGE SMITH** |
| **RICHARD BISTLINE,** : | |
| DEFENDANT. : | |

**UNITED STATES SUPPLEMENTAL SENTENCING MEMORANDUM
FOR THIRD SENTENCING HEARING**

Now comes the United States pursuant to Court order and submits this Supplemental Sentencing Memorandum to address any additional issues in this third Sentencing Hearing after a second remand by the Sixth Circuit for re-sentencing.

**HISTORY**

The Court has the benefit of the previous sentencing memoranda and appellate decisions in this matter so the United States will be brief.

At the first sentencing hearing, the Court imposed a one day jail sentence for Bistline's plea to possession of child pornography, down from a Sentencing Guidelines range of 63-78 months' imprisonment. The court of appeals reversed, finding the sentence substantively unreasonable. The Sixth Circuit primarily reasoned that (1) the district court's rejection of the child-pornography sentencing guidelines (as legislatively driven and thus unworthy of deference) was contrary to Congress's power to establish sentencing policy, and (2) Bistline's sentence

1

failed to reflect the seriousness of his offense, provide adequate deterrence, and avoid unwarranted disparities.  Further, the sentence was held to place undue weight on Bistline's age, medical condition and need to care for his aging wife.  All of this made the sentence unreasonable under 18 U.S.C. § 3553(a).  The court of appeals remanded the case for resentencing.  665 F. 3d 758 (2012) ("Bistline I")  Defendant petitioned the Supreme Court for certiorari which was denied.  133 S.Ct. 423 (2012)

At the second sentencing, the district court once again imposed a one-day jail sentence, re-imposed a ten-year period of supervised release, and added three years of home confinement (with credit for time already served on home confinement.)[1]  The court purported to respect the Guidelines and to recognize the seriousness of the offense, but concluded that Bistline's "age and health" led it to impose a non-prison sentence. Tr. at 48.  The court indicated that the "substantial period of home confinement" under the circumstances of this case represented "significant punishment" for this offense.  *Id* at 48-49.  It stated without explanation that the sentence would deter others as well as Bistline, would protect the public, and would not lead to unwarranted disparities.  *Id* at 49-50.  The government had requested a five-year prison sentence, and thoroughly articulated all of the criticisms of the district court's reasoning, including its failure to recognize the horrendous nature of the child pornography at issue, noting that it involved adult rape of a child and other depictions of penetration of young children.  The court concluded the second sentencing hearing by noting that if it had to send "somebody like Mr. Bistline" to prison, then somebody else would have to do it if the case came back to the District Court again.  *Id*. at 58.

---

[1] It is unclear what "time was served" as there had been no post-sentencing home confinement.  There had been a period of pre-trial home confinement.

Upon the United States' second appeal of a one-day jail sentence, the court of appeals reversed again stating, "[i]n a sense we have already decided this case." 720 F. 3d 631, 632 (2013)("Bistline II"). It found that the district court again failed to make the Guidelines its "starting point" and indeed had never mentioned the guidelines range at the sentencing hearing. *Id*. at 633. The same panel explained that the district court failed to make the showing necessary to dismiss the relevant guideline out of hand and that it continued to diminish the seriousness of the offense. As with its first opinion, the Sixth Circuit found that the district court abused its discretion by placing unreasonable weight on defendant's age and poor health while failing to seriously consider the other sentencing factors. The case was again remanded for resentencing. The Sixth Circuit also granted a government request to reassign the case to a different district judge for resentencing. Another petition for certiorari was denied by the Supreme Court. 134 S.Ct. 1514 (2014).

The case is now before this Court for re-sentencing consistent with the Sixth Circuit opinions. While that Court has made clear that a single day of imprisonment is substantively unreasonable, it has not directed the imposition of a particular sentence on remand.

**LEGAL CHANGES SINCE LAST SENTENCING:**

There have been no changes in Sixth Circuit law concerning sentencing or, more specifically, child pornography sentencing, since the last sentencing hearing in this case. Shortly after the last re-sentencing, the United States Sentencing Commission released its lengthy report to Congress regarding the child pornography guidelines with some recommended changes. *Report to Congress: Federal Child Pornography Offenses* (2012)[2] (hereinafter "Report".) Despite that report and despite much discussion of the child pornography guidelines by some

---

[2] Although the report itself was undated and is referred on the Sentencing Commission's website as the December 2012 report, it was not released before Bistline's January 9, 2013 sentencing hearing.

3

courts and commentators, there have been no changes to the guidelines relevant to this case and none are known to be planned in the next cycle in the fall of this year.  Further, despite having the report for better than a year, Congress has not made any statutory changes and has not directed the Sentencing Commission to make changes.

Although defendant spent a great deal of space discussing the Sentencing Commission report in the last appeal, it was hardly the boon to Bistline's cause that he claimed.  Although the report does develop critiques of some enhancements, principally on the ground that they apply with ever increasing frequency, it also suggests the creation of others, including, for example, to take account of the duration of collecting behavior.  *See generally,* Report, "Chapter 12, Findings, Conclusions and Recommendations to Congress," pp. 320 – 331.  The Commission also reported that, on average, possessors of child pornography are being sentenced to years in prison--a troublesome fact for Bistline's one day sentence.  Report at 317.  Nothing in the report sanctions--or even supports--dispensing with prison altogether for someone like Bistline.  There is also no recommendation in the report regarding a lowering of the base offense levels in non-production cases, such as this one.

In sum, this Court is faced with the same legal framework under which the Sixth Circuit considered this case and under which defendant was sentenced in 2010 and 2013.

**FACTUAL CHANGES SINCE LAST SENTENCING:**

The United States requested an update to the pre-sentence report since it had been five years since the last report.  The Court had apparently also requested an update.  Thus, the only factual differences at this sentencing are those having to do with § 3553 factors relating to defendant Bistline himself.

The defendant relied heavily on his advanced age and poor health at the prior sentencing hearings to request a variance from the guideline sentence range of 63 to 78 months and to argue for a sentence that does not include imprisonment.  Despite the fact that it is now more than four years since the first sentencing hearing, there has been remarkably little change in defendant's circumstances.  See Supplement to Presentence Report dated April 29, 2014.  He is of course four years older  (now 71) and has the same ailments he had at the last sentencing hearing.  His condition is remarkably stable however:  he last saw his vascular physician in June 2011 and his family physician in September, 2013 for a prescription refill and a physical examination that "detected no problems with the exception of [pain in] his hips."  Supp. PSI.  He sees a cardiologist every six months and had some medication adjustments in October, 2013 and has his pacemaker checked every three months.  *Id.*  His wife's health has stabilized and defendant Bistline continues his household responsibilities similar to the information at the last sentencing hearing.  *Id.*

Defendant reports depression and suicidal thoughts due to the upcoming risk of a sentence of imprisonment.  He had finished sex offender treatment successfully prior to, and as reported at, his last sentencing hearing.  He has been compliant with his supervised release and has completed at least a year of home confinement.

**ARGUMENT:**

**A Sentence of Imprisonment is Appropriate in this Case**

The United States refers the Court to its prior sentencing memoranda and responses to defendant's prior sentencing pleadings as the United States' contentions therein remain valid at this re-sentencing.  See, First Sentencing Hearing:  Sentencing Memorandum, Dkt. 15 (sealed) and Supplemental Sentencing Memorandum, Dkt. 19; Second Sentencing Hearing:  Sentencing

Memorandum, Dkt. 46. The United States also refers the Court to its opening briefs and reply briefs in Bistline I and Bistline II before the Sixth Circuit.

      a. **The Guidelines Remain the Starting Point of the Court's Analysis.**

More important than the arguments of counsel are the direction and guidance in the Sixth Circuit opinions in both Bistline I and Bistline II. "Although the Sentencing Guidelines are now only advisory, they still 'should be the starting point and the initial benchmark' for choosing a defendant's sentence." Bistline I at 761, quoting *Gall v. United States,* 552 U.S. 38, 49 (2007). Defendant's guideline range is 63 to 78 months. Without any enhancements or consideration given to the type or amount of material possessed by defendant, the young age of the victims or the lengthy time he sought such material, the most basic case with much less serious criminal conduct would have a guideline range of 27 to 33 months.[3] The Sentencing Commission made no recommendation to Congress for changes to this base offense level. The commission further proposed enhancements to that base level considering behavior, such as Bistline's lengthy involvement in seeking child pornography. The Report noted further that in a large sample of similarly situated possession offenders from 2010 who were in Criminal History category I, the average sentences were 52 months where the PSI disclosed that they also received child pornography but were not charged with receipt. *Report* at 317. Further, in that same sample, if the PSI disclosed distribution, but it was not charged, the average sentence was 78 months. *Id.* Defendant both received and distributed child pornography through the peer to peer network he used.

      b. **The Other 3553 Factors Must Be Given Due Weight**

The courts routinely opine that child pornography possession is a serious offense, but that often seems to be merely lip service. The Sixth Circuit directed that the seriousness of that offense -- possession – must be considered with due weight:

---

[3] Base offense level of 18 without consideration points for acceptance of responsibility which would reduce it to a base offense level of 15 and a guideline imprisonment range of 18 to 24 months.

6

> **It** is true that the district court also cited Bistline's term of supervised release as something that reflects the seriousness of his offense; and that term is part of the sentence itself. But a term of supervised release is simply not enough to reflect the seriousness of the offense here.

Bistline I at 765. The Court then immediately cited to the statement by one of Bistline's victims noting that Bistline's crime inflicted great harm upon its victims and that the "district court's explanation of his sentence did not include any recognition of that fact. Neither does the sentence itself. Bistline's sentence does not reflect the seriousness of his offense."

The Sixth Circuit found nothing in the sentence that would deter Bistline or that would provide general deterrence. *Id.* at 766. It found in Bistline II that adding a condition of home confinement does not enhance the deterrence value of the sentence particularly since defendant was largely confined through his life style and health to his home.

Finally, the Sixth Circuit found that the district court put an unreasonable amount of weight on Bistline's age and poor health:

> Although in exceptional cases a court may rely on these factors to support a below-guidelines sentence, *see* U.S.S.G. §§ 5H1.1, 5H1.4, 5K2.22, they simply "cannot justify the sentence imposed here." *Bistline I,* 665 F.3d at 767. Bistline's age and health issues are not as extraordinary as he and the district court seem to think they are. There are plenty of older convicts with medical conditions of their own in federal prisons. And prison is stressful and less than ideal medically for many people who are sent there. Bistline may be elderly and in poor health, but "the elderly do not have a license to commit crime, and adequate medical care is available in federal prisons." *United States v. Moreland,* 703 F.3d 976, 991 (7th Cir.2012) (Posner, J.) (citation omitted).

Bistline II at 634. Since defendant's age and poor health are largely unchanged from the prior sentencing hearing, the Sixth Circuit's view is that they are not sufficient for a variance to a sentence of one day imprisonment.

**CONCLUSION**

The United States submits that considering all of the facts of this case, that an appropriate

7

sentence is one that requires a sentence of imprisonment considering the guidelines, sentences of similarly situated defendants and a fair and just weighing of the 3553 factors following the directives of the Sixth Circuit on this remand for re-sentencing.

        Respectfully submitted,

        CARTER M. STEWART
        United States Attorney


        s/Deborah A. Solove
        DEBORAH A. SOLOVE (0024552)
        Assistant United States Attorney
        303 Marconi Boulevard
        Suite 200
        Columbus, Ohio 43215
        (614)469-5715
        Fax: (614)469-5653
        Deborah.Solove@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing United States Supplemental Sentencing Memorandum for Third Sentencing Hearing was served this 30th day of May, 2014, electronically on: Jonathon Tyack, Attorney for defendant;

        s/Deborah A. Solove
        DEBORAH A. SOLOVE (0024552)
        Assistant United States Attorney